KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
*gilchrist@kilpatricktownsend.com*
RYAN T. BRICKER (State Bar No. 269100)
*rbricker@kilpatricktownsend.com*
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
PATAGONIA, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

PATAGONIA, INC.,
a California corporation,

Plaintiff,

v.

GENERATION TEE, LLC,
d/b/a MONTANA SHIRT COMPANY,
LLC, a Montana limited liability
company,

Defendant.

Case No. 2:16-cv-9482

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION**

**<u>JURY TRIAL DEMAND</u>**

This lawsuit is necessary to stop Generation Tee, LLC, d/b/a Montana Shirt Company, LLC (hereinafter referred to as "MSC") from misusing and trading on Patagonia, Inc.'s famous "Patagonia" brand, and its reputation and goodwill. MSC uses a Montanagonia designation in which it claims trademark rights and which it uses to sell products on its website including directly competitive shirts, fleece, and hats that bear "Montanagonia" logos that mimic Patagonia's famous trademark and logo. Because MSC refuses to stop misappropriating Patagonia's goodwill and reputation, Patagonia alleges as follows:

/ / /



## PARTIES, JURISDICTION, AND VENUE

1. Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing, and marketing clothing for more than forty years. Today, Patagonia and the PATAGONIA® brand are famous around the world for innovative designs, quality products, and environmental and corporate responsibility.

2. MSC is a Montana limited liability company incorporated in Montana and, Patagonia is informed and believes, is headquartered at 1830 Baker Avenue, Whitefish, Montana 59937. MSC is selling clothes and hats that mimic the PATAGONIA trademark and Patagonia's logo.

3. Patagonia's claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).

4. This Court has personal jurisdiction over MSC because MSC has purposefully availed itself of the privilege of doing business in this district. Patagonia is informed and believes that MSC owns and operates an interactive website that is accessible by Internet users in this district and offers its services and products to residents of California and this judicial district. The infringing products that MSC advertises and offers, and makes available to purchasers through its website, are capable of being ordered by and shipped to purchasers in California and, Patagonia is informed and believes, MSC has made sales in California and this judicial district, and has delivered its products there.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because, Patagonia is informed and believes, MSC transacts business in this district and a substantial part of the events giving rise to the claims asserted arose in this district.





## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**The History of Patagonia**

6. Yvon Chouinard started Patagonia in the late 1960s to design and sell climbing clothes and other active sportswear. He adopted the "PATAGONIA" brand to differentiate the business from another family business that designed and manufactured climbing gear and tools. PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors. Since at least 1973, the PATAGONIA® brand has appeared on a label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline framed by a stormy sky (the "Fitz Roy logo").

7. In the more than forty years since Patagonia's business started, PATAGONIA® has become one of the most identifiable brands in the world. Its products sold under the PATAGONIA® brand now include a range of active sports-wear, including apparel products and hats, and products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world. It also sells PATAGONIA® gear and backpacks and food products, and outfits babies and toddlers as well as teens and adults.

8. Over the years, Patagonia has earned accolades for every aspect of its business. Its products have won numerous awards for their technical merit, including, most recently, *Outside Magazine*'s Gear of the Year in 2014 and 2015; the *National Geographic Adventure Blog* "Gear of the Year" award in 2010, 2013, and 2014; and the Editor's Choice and Top Pick awards from *OutdoorGearLab*. In 2015, Yvon Chouinard, Patagonia's founder, was inducted into the American Marketing Association Marketing Hall of Fame.

9. Patagonia also has won numerous awards and certifications for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award." In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton



growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for nearly twenty years. It was a founding member of the Fair Labor Association, which is an independent multi-stakeholder verification and training organization that audits apparel factories. Additionally, since 1985 Patagonia has pledged one percent of sales to grassroots environmental groups to preserve and restore our natural environment, donating more than $70 million. On "Black Friday" in November 2016, Patagonia committed to donating all of its worldwide sales to grassroots environmental groups—totaling $10 million. In 2002, Patagonia's founder Yvon Chouinard, along with others, created a non-profit called 1% For the Planet to encourage other businesses to do the same. Today, more than 1,200 member companies have donated more than $100 million to more than 3,300 nonprofits through 1% For the Planet. In 2012, Patagonia became one of California's first B Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.

**The PATAGONIA Trademark**

10. Patagonia owns numerous registrations for and including the PATAGONIA trademark for a wide ranging assortment of products. Among these are the following U.S. trademark registrations for its PATAGONIA trademark:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing—namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods, and Rainwear. | 08/1974 |
| patagonia | 1294523 / Sept. 11, 1984 | Men's, Women's, and Children's Clothing—namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts, and Belts. | 08/1974-1981 |

/ / /



| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | 1547469 / July 11, 1989 | Men's, Women's, and Children's Clothing—namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, and Belts. | 08/1974 |
| patagonia | 1775623 / June 8, 1993 | Luggage, backpacks, and all-purpose sports bags. | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, backpacks, fanny packs, and all-purpose sports bags, footwear, ski bags, and ski gloves. | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized online ordering activities in the field of clothing and accessories; providing information in the field of technical clothing and accessories for use in recreational, sporting, and leisure activities; providing information in the field of existing and evolving environmental issues. | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | Online retail store and mail order services featuring technical clothing, footwear, and accessories; computer services in the nature of online information related to the environment and clothing. | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage, and a wide variety of sporting goods and accessories. | 06/1986 |

These registrations and applications for the PATAGONIA mark are in full force and effect. The registrations have become incontestable under 15 U.S.C.

/ / /



§ 1065. Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademark."

11. The PATAGONIA trademark is registered in ninety countries, it is distinctive, arbitrary and fanciful, and is entitled to the broadest scope of protection.

12. For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademark is used. PATAGONIA® brand products are advertised in print and on the Internet. In addition to advertising by Patagonia, the PATAGONIA trademark is also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademark in a variety of shopping and post-sale contexts.

13. Patagonia has sold its PATAGONIA® brand products all over the world, including throughout the United States and California. Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademark. The PATAGONIA trademark is famous within the meaning of the Trademark Dilution Revision Act, enjoys strong consumer recognition, and is recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

**<u>MSC's Infringement of Patagonia's Trademark Rights</u>**

14. Patagonia is informed and believes that long after the PATAGONIA trademark became famous, MSC started and continues to market and sell a line of products under a MONTANAGONIA designation that it marks with a ™ symbol. MSC sells and advertises its products through its website, *www.montanashirtco.com*, and offers to deliver its products throughout the United States. For example, it offers a shirt with the following logo:

/ / /






15. This offering directly copies from a Patagonia product that displays the Patagonia trademark:




16. As is immediately evident, even from a close, side-by-side comparison, the logos are nearly identical. They use the same silhouetting of a mountain landscape with an unevenly striped sky in the background. The text in both is in the unique Belwe font that Patagonia has used for its PATAGONIA trademark for many years. MSC's logo has adulterated the state of "Montana" with "gonia" to form a term that is entirely incomprehensible except as a deliberate reference to the PATAGONIA trademark. Notwithstanding these obviously copied designs and design elements, MSC promotes its products with a claim that Montanagonia is a trademark, claiming that the shirt is a "trademarked" design and an MSC "original."

Montanagonia™ A Montana Shirt Company original with the silhouette of Mount Sinopah at Two Medicine Lake in Glacier National Park.

*this design is trademarked.



/ / /

17. MSC goes so far as to claim that it owns the copyright for the misappropriated design of its shirt:

All designs are copyright of Montana Shirt Co. and may not be reused or reprinted without express permission. © 2016 MONTANA SHIRT CO.

18. MSC also has copied the PATAGONIA mark on an MSC hat:







19. MSC's use of MONTANAGONIA on its copycat logo has caused or will cause a likelihood of confusion among consumers regarding the source of MSC products and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with MSC. This confusion is even more likely as a result of MSC's attempt to legitimize this association by claiming trademark rights and a proprietary interest in the marks and designs it copied.

20. MSC's use of an adulteration of the PATAGONIA trademark on a copy of Patagonia's logo, while claiming trademark rights in the resulting mark and logo, is likely to dilute Patagonia's famous and distinctive mark by diminishing its distinctiveness and its singular association with Patagonia. Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against MSC's further use of MONTANAGONIA or its logo.

21. Patagonia is informed and believes that MSC has manufactured, marketed, and sold substantial quantities of products bearing MONTANAGONIA and its logo, and has profited and continues to profit from such sales.

22. MSC's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate. Unless MSC is restrained by this Court, it will continue expanding its illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other



things:

a. Depriving Patagonia of its statutory rights to use and control use of its trademark;

b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

c. Causing the public falsely to associate Patagonia with MSC and/or its products, or vice versa;

d. Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademark to differentiate its products from those of its competitors; and

e. Causing Patagonia to lose sales of its genuine PATAGONIA products.

23. Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against MSC and all persons acting in concert with it.

**FIRST CLAIM**

**FEDERAL TRADEMARK INFRINGEMENT**

**(15 U.S.C. §§ 1114-1117)**

24. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 23 of this Complaint.

25. MSC has used, in connection with the sale, offering for sale, distribution, or advertising of its MSC products and services, words and symbols that infringe upon Patagonia's PATAGONIA trademark.

26. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

27. As a direct and proximate result of MSC's conduct, Patagonia is entitled to recover up to treble the amount of MSC's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. §§ 1117(a).



/ / /

28. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires MSC to stop use of MONTANAGONIA and MSC's logo.

**SECOND CLAIM**

**FEDERAL UNFAIR COMPETITION**

**(False Designation of Origin and False Description)**

**(15 U.S.C. § 1125(a))**

29. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

30. MSC's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). MSC's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products, to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

31. As a direct and proximate result of MSC's conduct, Patagonia is entitled to recover up to treble the amount of MSC's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

32. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires MSC to stop use of MONTANAGONIA and MSC's logo.

**THIRD CLAIM**

**FEDERAL DILUTION OF FAMOUS MARK**

**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

33. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 32 of this Complaint.

34. Patagonia's PATAGONIA trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was famous prior to MSC's adoption of MONTANAGONIA and its logo.



/ / /

35. MSC's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

36. As a direct and proximate result of MSC's conduct, Patagonia is entitled to recover up to treble the amount of MSC's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

37. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires MSC to stop use of MONTANAGONIA and MSC's logo.

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1. Adjudge that Patagonia's trademark has been infringed by MSC in violation of Patagonia's rights under 15 U.S.C. § 1114;

2. Adjudge that MSC has falsely designated its products in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

3. Adjudge that MSC's activities are likely to dilute Patagonia's famous PATAGONIA trademark in violation of Patagonia's rights under 15 U.S.C. § 1125(c);

4. Adjudge that MSC and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through, or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble Patagonia's PATAGONIA trademark as



to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears MONTANAGONIA, the MSC logo, or any other approximation of Patagonia's trademark;

b. Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of MSC or its products with Patagonia or as to the origin of MSC's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising; or likely dilution of the PATAGONIA trademark;

c. Further infringing the rights of Patagonia in and to its PATAGONIA trademark, or otherwise damaging Patagonia's goodwill or business reputation;

d. Further diluting the famous PATAGONIA trademark;

e. Otherwise competing unfairly with Patagonia in any manner; and

f. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5. Adjudge that MSC, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

6. Adjudge that Patagonia recover from MSC its damages and lost profits, and MSC's profits, in an amount to be proven at trial;

7. Adjudge that MSC be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) MSC's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

8. Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C.



§ 1117 shall be trebled;

9. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

10. Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

Dated: December 22, 2016

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gregory S. Gilchrist*
GREGORY S. GILCHRIST
RYAN T. BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.



**DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

Dated: December 22, 2016

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gregory S. Gilchrist*
GREGORY S. GILCHRIST
RYAN T. BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.

